w/conc
opin
w/op



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT



TOMMY LOUIS SCOTT, Appellant

No. 05-91-01757-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F91-33568-UI).
Opinion delivered by Justice James, Justices Lagarde and Whittington participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 24, 1997.

TOM JAMES
JUSTICE

**AFFIRM and Opinion Filed January 24, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-91-01757-CR

---

## TOMMY LOUIS SCOTT, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F91-33568-UI**

---

# O P I N I O N

Before Justices Lagarde, Whittington, and James
Opinion By Justice James

Appellant Tommy Louis Scott appeals his conviction for burglary of a vehicle. On April 17, 1991, appellant entered a guilty plea and the trial court deferred an adjudication of guilt and placed appellant on four years' probation with a $750 fine. On November 1, 1991, the trial court granted the State's motion to proceed to an adjudication of guilt, accepted appellant's plea of true, and sentenced appellant to ten years' confinement with

a $750 fine. In his sole point of error, appellant contends he is entitled to a reversal and remand for a judgment of acquittal or to a new trial because the official reporter lost or destroyed the notes and records from the April 17, 1991 hearing through no fault on his part. Because appellant did not make a timely request to the official reporter to prepare the statement of facts, we affirm the trial court's judgment.

According to Texas Rule of Appellate Procedure 50(e):

> When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

TEX. R. APP. P. 50(e). For appellant to prevail under Rule 50(e), he must show he made a timely request to the court reporter for the statement of facts and the court reporter has lost or destroyed the notes through no fault on appellant's part. *Culton v. State*, 852 S.W.2d 512, 514 (Tex. Crim. App. 1993). A "timely request" under Rule 50(e) is a written request to the official court reporter at or near the time appellant perfected his appeal. *Id.* At all times, appellant has the burden to establish he has been deprived of the statement of facts. *See Stewart v. State*, 856 S.W.2d 567, 572 (Tex. App.--Beaumont 1993, no pet.).

On November 1, 1991, the trial court granted the State's motion for an adjudication of guilt and assessed a punishment of ten years' confinement and a $750 fine. Appellant had

thirty days in which to perfect his appeal. *See* TEX. R. APP. P. 41(b)(1). On November 15, 1991, appellant filed a document with the trial court entitled Defendant's Notice of Appeal, Proof of Indigency, & Designation of Record. In this document, appellant asks the trial judge to order the court clerk and the court reporter to prepare a statement of facts reflecting all the evidence presented in the case. This document does not include a certificate of service or any indication that appellant sent a copy to the official reporter.

According to Texas Rule of Appellate Procedure 53(a):

> The appellant, at or before the time prescribed for perfecting the appeal, shall make a written request to the official reporter designating the portion of the evidence and other proceedings to be included therein.

TEX. R. APP. P. 53(a). The document appellant filed with the trial court is the only document in the transcript reflecting any type of request to the official reporter to prepare the statement of facts. The broad request included in the document does not constitute a "timely request" as prescribed by Rule 53(a) because it is not a written request to the official reporter. *Culton*, 852 S.W.2d at 515; *Broxton v. State*, 909 S.W.2d 912, 914 (Tex. Crim. App. 1995). If appellant made a proper and timely request to the court reporter, there is no such letter or motion in the transcript appellant filed with this Court. *See Broxton*, 909 S.W.2d at 914. Because appellant failed to make a timely request to the official reporter, we overrule his point of error.

For the reasons set forth above, we affirm the trial court's judgment.

TOM JAMES
JUSTICE

Lagarde, J., concurring opinion

Do Not Publish
TEX. R. APP. P. 90
911757F.U05



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-91-01757-CR

### TOMMY LOUIS SCOTT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F91-33568-UI

## CONCURRING OPINION

Before Justices Lagarde, Whittington, and James
Opinion By Justice Lagarde

I concur in the result only.

SUE LAGARDE
JUSTICE

Do Not Publish
Tex. R. App. P. 90
911757CF.U05